**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

CIVIL ACTION NO. 10-313-WOB-CJS

DAN HOWELL                                                                                                   PLAINTIFF

v.                              **REPORT AND RECOMMENDATION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                 DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). (R. 13). The Commissioner has filed his Response. (R. 16). The Plaintiff did not file a reply and his time for doing so having expired, the matter is now ripe for review and the preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). (R. 2).

Pursuant to the Equal Access to Justice Act (EAJA), Plaintiff is entitled to his attorney fees and other expenses incurred upon prevailing in a proceeding for judicial review of an agency's decision, unless the Court finds the position of the United States was substantially justified or that special circumstances make an award unjust. Here, the District Court entered a "sentence four" remand (R. 12) which, for purposes of EAJA fees, renders him a "prevailing party." *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). The Commissioner does not oppose Plaintiff's entitlement to attorney's fees, but objects to Plaintiff's request for a fee above the statutory cap of $125 per hour. (R. 16).

Pursuant to the Equal Access to Justice Act, "[t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour" unless special circumstances exist. 28 U.S.C. § 2412(d)(2)(A).

In determining the proper hourly fee, the Court must consider the market rate for similar services provided by lawyers of reasonably comparable skills, experience and reputation. 28 U.S.C. § 2412(d)(2)(A). The Supreme Court has noted that establishing an appropriate market rate for attorneys' fees is inherently difficult. *See Blum v. Stenson*, 465 U.S. 886, 895 (1994). The burden is on the applicant to produce satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers having comparable skills, experience, and reputations. A rate established by this method can be deemed reasonable and is generally referred to as the "prevailing market rate." *Id.* at 895 n.11.

Here, Plaintiff seeks $174.28 per hour, arguing the higher fee is justified because of the increase in the cost of living since the base rate of $125 per hour was established. (R. 14). In support, Plaintiff cites to the Consumer Price Index. Plaintiff does not, however, discuss the prevailing rate in the Lexington Division of the Eastern District of Kentucky, which is in the appropriate inquiry. *See Burkett v. Astrue*, No. 2:09-cv-53, 2010 WL 881905 (E.D. Ky. Mar. 8, 2010). In *Burkett,* the District Court explained:

> Counsel for the plaintiff has not made any effort to establish a prevailing market rate for Social Security appeals in the Northern Division of the Eastern District of Kentucky. Instead, she discusses prevailing rates for general practice in the greater Cincinnati, Ohio area, and thus fails to carry the plaintiff's burden as prescribed in *Blum* [*v. Stenson*, 465 U.S. 886 (1984)]. . . . "[T]he 'prevailing market rate' is that rate which lawyers of comparable skill and experience can reasonably expect to

2

> command within the venue of the court of record...." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2004).
>
> Moreover, this court has consistently held that the mere citation of cost-of-living increases since the enactment of the $125.00 statutory cap does not carry the plaintiff's burden of showing evidence that a higher rate was actually <u>billed</u> and <u>paid</u> in similar lawsuits. *Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir.1988), *citing Blum v. Stenson*, 465 U.S. 886, 895-6 n.11 (1984). As no such documentary evidence has been submitted, the court finds that $125.00 per hour remains the maximum rate.

*Id.* at *2.

Review of awards in similar cases within the jury division encompassing the Lexington Division of the Eastern District of Kentucky reveals that attorneys with comparable skills, experience and reputation as Plaintiff's counsel are awarded $125 per hour for social security matters. *See Page v. Astrue*, No. 09-210, 2011 WL 2560265, *2 (E.D. Ky. June 28, 2011) (awarding fees based on Lexington's prevailing rate of $125 per hour)*; Spencer v. Astrue,* No. 09-289, 2010 WL 3001949 (E.D. Ky. July 29, 2010) (same); *Cole v. Astrue*, No. 09-185, 2010 WL 715832 (E.D. Ky. Feb. 24, 2010) (same); *Hisel v Astrue*, No. 08-244, 2009 WL 3173394 (E.D. Ky. Sept. 30, 2009) (same). Special circumstances do not exist in the instant matter to award an amount in excess of the statutory cap, and Plaintiff should be awarded attorney fees at a rate of $125 per hour.

Further, Counsel requests the fee award be made payable to him pursuant to Plaintiff's assignment. The Supreme Court has held that EAJA fees are payable to the litigant, not counsel, and thus are subject to a Government offset to satisfy a pre-existing debt the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. ___, 130 S. Ct. 2521, 2524 (2010). Although the Court in *Ratliff* noted "the Government has since continued the direct payment practice only in cases where the plaintiff does not owe a debt to the [G]overnment and assigns the right to receive the fees to the

attorney," this Court cannot determine on the record whether the Plaintiff owes a debt to the United States. As another court explained:

> Because it is not known in the present case whether or not Plaintiff owes a debt to the United States, "in light of *Ratliff,* . . . it [is] a better practice is to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the [G]overnment that may be satisfied, in whole or in part, from the EAJA awards." *Preston v. Astrue*, unpubl. op., 2010 WL 3522156 at *2 (M.D.Fla. Sept.8, 2010). The Government retains the discretion and authority to determine whether Plaintiff owes a debt to it. *Id*. If no such unpaid debt exists, or if EAJA fees remain after a governmental offset, there appears no reason on the present record for the Government not to honor Plaintiff's assignment of EAJA fees to her attorney. *Cf. Ratliff*, __ U.S. at __, 130 S. Ct. at 2530 ("the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract.") (Sotomayor, J., concurring).
>
> Accordingly, in light of Plaintiff's assignment and the lack of information regarding whether she owes a debt to the United States, Plaintiff should be awarded attorney fees under the EAJA as a prevailing party, and no Order should issue regarding the direction such fees must be paid.

*Walter v. Astrue*, No. 3:10-cv-215, 2011 WL 3876693, at *5 (S.D. Oh. Aug. 12, 2011) (quoting, *Bishop v. Astrue*, No. 3:08-cv-375, 2010 WL 4279185, at **4-5 (S.D. Oh. Sept. 29, 2010)).

This Court will similarly recommend that the District Court award fees to Plaintiff as the prevailing party, and that no Order issue regarding how the fees are to be paid.

The Court being otherwise sufficiently advised,

**IT IS RECOMMENDED** that Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (R. 13) be **granted in part** to the extent Plaintiff seeks an award of attorney fees, but be **denied in part** to the extent Plaintiff seeks an award of fees at a rate of $174.28 per hour.

**IT IS FURTHER RECOMMENDED** that the District Court award Plaintiff attorney fees in the amount of $4,000.00, based on the rate of $125.00 per hour for 32 hours of service, and costs of $350.00.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

This 17th day of October, 2011.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\social security\10-313-attnyfee.wpd